Scott C. Clarkson, Esq. (CA Bar No. 143271)
Eve A. Marsella, Esq. (CA Bar No. 165797)
Israel Saperstein, Esq. (CA Bar No. 084471)
**Clarkson, Gore & Marsella, APLC**
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone: 310/542-0111
Facsimile: 310/214-7254
Email: sclarkson@lawcgm.com

Attorneys for Plaintiff and Counter-Defendant,
MTI Technology Corporation, Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MTI TECHNOLOGY CORPORATION,<br>A Delaware corporation,<br><br>    Debtor and<br>    Debtor in Possession<br><br>Federal Tax I.D. # 95-3601802 | Case No. 8:07-bk-13347-ES<br><br>Chapter 11<br><br>Adv. No. 8:09-01267-ES<br><br>**ANSWER OF COUNTER-DEFENDANT, MTI TECHNOLOGY CORPORATION, TO COUNTERCLAIM BY COUNTERCLAIMANT, EMC CORPORATION** |
| MTI TECHNOLOGY CORPORATION,<br>A Delaware corporation<br><br>                    Plaintiff,<br>    vs.<br><br>EMC CORPORATION,<br>A Massachusetts corporation<br><br>                    Defendant. | Status Conference:<br>DATE:    July 2, 2009<br>TIME:    9:30 a.m.<br>PLACE:   Courtroom 5A<br>         411 West Fourth Street<br>         Santa Ana, California 92701<br>JUDGE:   Honorable Erithe A. Smith |
| EMC CORPORATION,<br>A Massachusetts corporation<br><br>                    Counterclaimant,<br>    vs.<br><br>MTI TECHNOLOGY CORPORATION,<br>A Delaware corporation<br><br>                    Counter-Defendant. | |

Counter-Defendant, MTI Technology Corporation, the above-captioned debtor and debtor in possession, (**"MTI"**), as and for its answer to the Counterclaim (the **"Counterclaim"**), which was filed by Counterclaimant, EMC Corporation, a Massachusetts corporation (**"EMC"**), hereby responds and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. In response to paragraph 1 of the Counterclaim, MTI admits the allegations contained therein.

2. In response to paragraph 2 of the Counterclaim, MTI admits the allegations contained therein.

### THE PARTIES

3. In response to paragraph 3 of the Counterclaim, MTI admits the allegations contained therein.

4. In response to paragraph 4 of the Counterclaim, MTI admits the allegations contained therein.

### GENERAL ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

5. In response to paragraph 5 of the Counterclaim, MTI admits the allegations contained therein.

6. In response to paragraph 6 of the Counterclaim, MTI admits that during the course of dealing between EMC and MTI over several years before MTI filed its Chapter 11 bankruptcy petition, MTI acted as a reseller of data storage equipment and software licenses supplied by EMC. Except as expressly admitted in this paragraph, each and every allegation of paragraph 6 of the Counterclaim is generally and specifically denied.

7. In response to paragraph 7 of the Counterclaim, MTI admits as follows: When reselling EMC equipment to its customers, MTI would routinely offer maintenance, upgrade and warranty support services on resold products supplied by EMC. In many instances, these customer service arrangements extended for several years. In particular cases, where MTI assumed responsibility for providing maintenance to its customer, MTI's customer contacted MTI to obtain maintenance and other service on equipment the customer purchased from MTI. As is

customary in the industry, the Parties classified technical support requests into three levels, with level one being the least complex and challenging, and level three being the most complex and challenging. In or about December of 2007, MTI ceased operations, which included delivery of maintenance and support services. Except as expressly admitted in this paragraph, each and every allegation of paragraph 7 of the Counterclaim is generally and specifically denied.

8.  In response to paragraph 8 of the Counterclaim, MTI admits the allegations contained therein.

### FIRST COUNTERCLAIM
(Breach of Written Contract to Collect Money Due
on Unpaid Invoices Submitted to MTI by EMC)

9.  In response to paragraph 9 of the Counterclaim, MTI repeats the responses it made above to the paragraphs realleged by EMC, and by this reference MTI incorporates them herein at this place.

10.  In response to paragraph 10 of the Counterclaim, MTI admits as follows: During the course of dealing between EMC and MTI over several years before MTI filed its Chapter 11 bankruptcy petition, MTI acted as a reseller of data storage equipment and software licenses supplied by EMC. From time to time MTI purchased from EMC data storage equipment, software (including related licenses), and professional IT services. In general practice, some of these transactions were governed by a Master Reseller Agreement (for the resale of equipment and provision of maintenance and technical support services) and other written documents such as service agreements, purchase orders, and statements of work that were executed by and between MTI and EMC from time to time. Except as expressly admitted in this paragraph, each and every allegation of paragraph 10 of the Counterclaim is generally and specifically denied.

11.  In response to paragraph 11 of the Counterclaim, MTI DENIES the allegations contained therein.

12.  In response to paragraph 12 of the Counterclaim, MTI admits as follows: From time to time MTI purchased from EMC goods and services. It was EMC's practice to submit invoices to MTI when EMC sold and delivered to MTI such goods and services. EMC attached to the Counterclaim as Exhibit 1 a schedule of information which EMC alleges is a summary of unpaid

1  invoices that EMC previously submitted to MTI.  MTI previously denied liability for a material
2  number of the invoices identified in Exhibit 1 to the Counterclaim.  Except as expressly admitted
3  in this paragraph, each and every allegation of paragraph 12 of the Counterclaim is generally and
4  specifically denied.

5      13.    In response to paragraph 13 of the Counterclaim, MTI DENIES the allegations
6  contained therein.

7      14.    In response to paragraph 14 of the Counterclaim, MTI DENIES the allegations
8  contained therein.

## SECOND COUNTERCLAIM
(Reclamation Claims under 11 U.S.C. § 503(b)(9))

11     15.    In response to paragraph 15 of the Counterclaim, MTI repeats the responses it made
12  above to the paragraphs realleged by EMC, and by this reference MTI incorporates them herein at
13  this place.

14     16.    In response to paragraph 16 of the Counterclaim, MTI DENIES the allegations
15  contained therein.

16     17.    In response to paragraph 17 of the Counterclaim, MTI DENIES the allegations
17  contained therein.

## THIRD COUNTERCLAIM
(Administrative Claims for Unpaid Postpetition Invoices)

20     18.    In response to paragraph 18 of the Counterclaim, MTI repeats the responses it made
21  above to the paragraphs realleged by EMC, and by this reference MTI incorporates them herein at
22  this place.

23     19.    In response to paragraph 19 of the Counterclaim, MTI DENIES the allegations
24  contained therein.

25     20.    In response to paragraph 20 of the Counterclaim, MTI DENIES the allegations
26  contained therein.

27  ///
28  ///

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

**FOURTH COUNTERCLAIM**
(Resulting Claims under 11 U.S.C. § 502(h))

21.  In response to paragraph 21 of the Counterclaim, MTI repeats the responses it made above to the paragraphs realleged by EMC, and by this reference MTI incorporates them herein at this place.

22.  In response to paragraph 22 of the Counterclaim, MTI DENIES the allegations contained therein, and MTI states that EMC misstates the cited code section.

**FIFTH COUNTERCLAIM**
(Demand for a Full Accounting as to MTI's Customer Contracts)

23.  In response to paragraph 23 of the Counterclaim, MTI repeats the responses it made above to the paragraphs realleged by EMC, and by this reference MTI incorporates them herein at this place.

24.  In response to paragraph 24 of the Counterclaim, MTI DENIES the allegations contained therein.

25.  In response to paragraph 25 of the Counterclaim, MTI DENIES the allegations contained therein.

26.  In response to paragraph 26 of the Counterclaim, MTI DENIES the allegations contained therein.

**FIRST AFFIRMATIVE DEFENSE**

27.  If any relief is granted on the First Counterclaim, it is limited to an allowance of EMC's proof of claim and only to the extent that EMC meets its burden of proving liability on the outstanding invoices listed in Exhibit 1 to the Counterclaim.

**WHEREFORE**, MTI requests that judgment be entered in its favor and against EMC, as follows:

A. That EMC take nothing by reason of its Counterclaims;

B. That the Counterclaims be dismissed with prejudice;

C. That MTI be awarded all fees, costs and expenses, including without limitation attorneys' fees, incurred in connection with this action or proceeding; and

Case 8:09-ap-01267-ES    Doc 19    Filed 06/16/09    Entered 06/16/09 15:25:17    Desc
Main Document    Page 6 of 8

D. That MTI be awarded such other and further relief as is appropriate under the circumstances.

DATED: June 16, 2009

**Clarkson, Gore & Marsella, APLC**

By: /s/ Scott Clarkson
Scott Clarkson
Israel Saperstein
Eve Marsella
Attorneys for Plaintiff, Debtor and Debtor in Possession, MTI Technology Corporation

-6-

| In re:<br>MTI Technology Corporation,<br>A Delaware corporation, | CHAPTER: 11<br>ADVERSARY NUMBER: 8:09-ap-01267-ES<br>CASE NUMBER: 8:07-bk-13347-ES |
|---|---|
| Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3424 Carson Street, Suite 350
Torrance, CA 90803

The foregoing document described **ANSWER OF CONTER-DEFENDANT, MIT TECHNOLOGY CORPORATION, TO COUNTERCLAIM BY COUNTERCLAIMANT, EMC CORPORATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 16, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**COUNSEL FOR DEBTOR**
David L Wilson    dlwilson@winston.com

**U.S. TRUSTEE**
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL** ~~OR OVERNIGHT MAIL~~ (indicate method for each person or entity served):
On    June 16, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and~~/or with an overnight mail service~~ addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**DEBTOR**
MTI Technology Corporation
Attn.: Scott J. Poteracki
15641 Red Hill Ave., Suite 200
Tustin, CA 92780

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    **F 9013-3.1**

| In re:<br>MTI Technology Corporation,<br>A Delaware corporation,<br>Debtor(s). | CHAPTER: 11<br>ADVERSARY NUMBER: 8:09-ap-01267-ES<br>CASE NUMBER: 8:07-bk-13347-ES |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 16, 2009 | Michelle Carpenter | _(signed)_ |
|---|---|---|
| Date | Type Name | Signature |

**SERVED BY U.S. MAIL**

**COUNSEL FOR CREDITOR COMMITTEE**
Robert Opera, Esq.
Winthrop Couchot, P.C.
660 Newport Center Drive, 4th Floor
Newport Beach, CA  92660


**DEFENDANT**
EMC Corporation
c/o Receivable Management Services
P.O. Box 5126
Timonium, MD  21094

Joe Tucci
Chairmen, President & CEO
EMC Corporation
176 South Street
Hopkinton, MA  01748

**JUDGE**
Honorable Erithe A. Smith
411 W. Fourth St., Suite 5041
Santa Ana, CA  92701-4593

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                        F 9013-3.1