

1   KERRY PETERSON (pro hac vice)
    Texas Bar No. 24012195
2   kerry.peterson@milleregan.com
    MATTHEW RINALDI (pro hac vice
3   motion pending)
    Texas Bar No. 24033122
4   matt.rinaldi@milleregan.com
    MILLER, EGAN, MOLTER & NELSON, LLP
5   4514 Cole Avenue, Suite 1250
    Dallas, Texas  75205
6   Telephone:  214-628-9503
    Facsimile:   214-628-9507
7
    Attorneys for Non-Party
8   JENNIFER PLANK



9           UNITED STATES BANKRUPTCY COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11               SANTA ANA DIVISION

| | |
|---|---|
| 12  In re | Bk. No. 8:07-bk-13347-ES |
| 13  MTI TECHNOLOGY CORPORATION, a Delaware corporation, | Chapter 11 |
| 14                    Debtor and | Adv. No. 8:09-ap-01267-ES |
| 15                    Debtor-in-Possession. | |
| 16  MTI TECHNOLOGY CORPORATION, a Delaware corporation, | **NON-PARTY JENNIFER PLANK'S MOTION TO QUASH AND FOR PROTECTIVE ORDER; DECLARATION OF JENNIFER PLANK IN SUPPORT** |
| 17                    Plaintiff, | |
| 18  v. | |
| 19  EMC CORPORATION, a Massachusetts corporation, | |
| 20                    Defendant. | Hearing: Date:  March 4, 2010 |
| 21  EMC CORPORATION, a Massachusetts corporation. | Time:  10:30 a.m. Ctrm:  5A |
| 22                    Counterclaimant, | |
| 23  v. | |
| | MTI TECHNOLOGY CORPORATION, a Delaware corporation, | |
| 24 | |
| 25                    Counter-Defendant. | |
| 26 | |
| 27 | |
| 28 | |

ORIGINAL

W02-EAST:3MAW1\200287222.1

## NON-PARTY JENNIFER PLANK'S MOTION TO
## QUASH SUBPOENA AND FOR PROTECTIVE ORDER

COMES NOW Non-Party Jennifer Plank ("Ms. Plank") and files this Motion to Quash Subpoena and for Protective Order. In support thereof, Ms. Plank respectfully states as follows:

## I.     PRELIMINARY STATEMENT

The Court's approval of the retention of Debtor's counsel does not vest Debtor's counsel with the power to place the Debtor's former employees in open-ended indentured servitude to the litigation needs of the estate. Ms. Plank is a third party to this adversary proceeding and the Debtor must avoid imposing undue burden and expense upon Ms. Plank. Instead, Debtor's counsel has threatened Ms. Plank with failing in her "civic duty," being uncooperative to the estate, and has even threatened violation of the automatic stay and equitable subordination of her claim.

The Debtor justifies its payment of tens of thousands of dollars to former employees Scott Poteracki and Thomas Raimondi on the basis that these individuals are critical to this adversary proceeding. Ms. Plank was not deemed critical when these individuals were obtaining their lucrative consulting arrangements, and she should not be forced into the service of the estate merely because the Debtor made a mistake in relying on Messrs. Poteracki and Raimondi.

The Debtor does not deny that the documents sought by the subpoena are on its server. Instead, the Debtor takes the position that it needs Ms. Plank to distill, cull, and interpret this information for it. This turns Rule 45 on its head. Ms. Plank is not required to muster proof where it is difficult or cumbersome for the Debtor. The Debtor is required to ensure that Ms. Plank is protected from undue burden.

W02-EAST:3MAW1\200287222.1

1   For these and other reasons, Ms. Plank seeks to quash the outstanding

2   subpoena, and respectfully requests that the Court enter an order protecting her from

3   further harassment by the Debtor and Debtor's counsel.

4

5   **II.    ARGUMENT AND AUTHORITIES**

6       **A.    The Rule 45 Standard.**

7       Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a court may

8   quash a subpoena duces tecum served on a third party if the subpoena: (1) fails to

9   allow a reasonable time to respond; (2) requires a person who is not a party to travel

10  more than 100 miles from where the person resides; (3) requires disclosure of

11  confidential and/or privileged information; or (4) subjects a person to undue burden

12  or expense.  FED. R. CIV. P. 45(c)(3)(A); *Williams v. City of Dallas*, 178 F.R.D.

13  103, 109 (N.D. Tex. 1998); *see also Exxon Shipping Co. v. U.S. Dept. of Interior*,

14  34 F.3d 774, 779 (9th Cir. 1994)(non-parties are given "special protection against

15  the time and expense of complying with subpoenas").

16      Rule 45 requires that a party or attorney responsible for issuing and serving a

17  subpoena "must take reasonable steps to avoid imposing undue burden or expense

18  on a person subject to the subpoena." *See* FED. R. CIV. P. 45(c).  The issuing

19  court[1] must "enforce this duty and impose an appropriate sanction – which may

20  include lost earnings and reasonable attorney's fees – on a party or attorney who

21  fails to comply." *See id.*

22

23

24

25

26  [1]  The issuing court for the Subpoena is the United States District Court for the
    Western District of Texas.  The Debtor and Ms. Plank agreed to have her
27  challenge to the Subpoena heard in this Court, to avoid unnecessary delay and
    expense to the estate.
28

**B.**    <u>**Time and Place.**</u>

Ms. Plank was served with the Subpoena on January 20, 2010. *See* Jennifer Plank Subpoena Duces Tecum (the "Subpoena"); Plank Decl., ¶ 2.[2]  The Subpoena commands Ms. Plank to appear on Friday, February 5, 2010 at 10:00 a.m. *See* Plank Decl., ¶ 2.  The Subpoena requests that Ms. Plank appear at a law office in downtown Austin, Texas. *See* Plank Decl., ¶ 2.  Downtown Austin is roughly 40 minutes from Ms. Plank's employer, and one and half hours from Ms. Plank's home. *See* Plank Decl., ¶ 3.  Friday is the most important day of the week for Ms. Plank to be at work. *See* Plank Decl., ¶ 3.  On Fridays, Ms. Plank must process all the invoices and payables for the week, a process that takes several hours. *See* Plank Decl., ¶ 3.  Ms. Plank cannot appear at 10:00 a.m. and miss an entire Friday at work. *See* Plank Decl., ¶ 3.  Requiring Ms. Plank to do so imposes undue burden and expense. *See* FED. R. CIV. P. 45.

**C.**    <u>**The Subpoena Is Overbroad, Unduly Burdensome, And Seeks Documents Available To The Debtor through Less Burdensome Means.**</u>

The Debtor seeks testimony and documents from Ms. Plank that are available from parties in the above-captioned adversary proceeding (the "<u>EMC Adversary</u>"). As counsel for the Debtor has explained, certain invoices at issue in the EMC Adversary are invoices for services provided to EMC by the Debtor through its MTI Collective Division. The Debtor wants Ms. Plank to prove the validity of these invoices for the Debtor.

---

[2]    The Declaration of Jennifer Plank (the "<u>Plank Decl.</u>") is attached hereto and incorporated herein by reference.

1        **1.    The Debtor should not be permitted to require Ms. Plank to**
2   **fill in for the shortcomings of its own highly-paid witnesses.**

3        The Debtor fired Ms. Plank in the summer of 2007. *See* Plank Decl., ¶ 4. In
4   exchange for a promise to pay severance on October 12, 2007, the Debtor asked that
5   Ms. Plank travel from Austin to Orange County for the purpose of interviewing,
6   hiring, and training her own replacement. *See* Plank Decl., ¶ 4. The Debtor
7   requested that Ms. Plank not take her accrued vacation days until her departure from
8   the company. *See* Plank Decl., ¶ 4. Ms. Plank complied with each of these
9   requests. *See* Plank Decl., ¶ 5. She transitioned her responsibilities, including any
10  responsibilities related to EMC, to a new hire, who worked at the Debtor's
11  headquarters in Orange County. *See* Plank Decl., ¶ 5. Ms. Plank further complied
12  with the Debtor's request that she not take any of her accrued vacation days. *See*
13  Plank Decl., ¶ 5. She spent an entire summer, without taking a single vacation day,
14  traveling from Austin to Orange County and spending long weeks away from her
15  family and home. *See* Plank Decl., ¶ 5.

16       Despite the fact that Ms. Plank made substantial personal sacrifices and
17  fulfilled her commitments to the Debtor, the Chief Executive Officer and Chief
18  Financial Officer fired Ms. Plank – for the second time – on October 12, 2007,
19  disavowing the Debtor's commitment to pay her severance and accrued vacation.
20  *See* Plank Decl., ¶ 6. Three days later, the Debtor filed its petition for the relief (the
21  "Petition"). *See* Plank Decl., ¶ 6. Ms. Plank thereafter became just one of hundreds
22  of the Debtor's ex-employees with a claim against the estate.

23       Two and half years later, Ms. Plank has not received any distribution from the
24  estate. Indeed, the Debtor in this case has made no effort to provide priority
25  claimants with interim distributions in this case, and such distributions are not likely
26  for many more months.

27       After the filing of the Petition, the Debtor determined which key employees
28  should be retained to assist the Debtor in the proceedings. Ms. Plank was not

1  among the employees that the Debtor determined were needed for the successful

2  administration of this case, or in the prosecution of any claims against EMC.

3  Instead, the Debtor choose to pay Scott Poteracki, the Debtor's Chief Financial

4  Officer, and Thomas Raimondi, the Debtor's Chief Executive Officer, tens of

5  thousands of dollars for ostensibly assisting the Debtor in the EMC Adversary.  The

6  Debtor has represented that these tens of thousands of dollars in payment are

7  necessary because Mr. Poteracki's and Mr. Raimondi's participation in the EMC

8  Adversary is absolutely critical.  The Debtor should, therefore, seek testimony

9  regarding the EMC Adversary from these very highly paid witnesses.

10        If the Debtor now wishes to speak out of the other side of its mouth and claim

11  that Mr. Raimondi and Mr. Poteracki, despite being paid tens of thousands of

12  dollars, cannot provide the necessary support for the Debtor's claim against EMC,

13  Ms. Plank should not become the guarantor of the Debtor's poor choices.  The

14  Debtor cast its lot on the EMC Adversary with "critical" witnesses Mr. Raimondi

15  and Mr. Poteracki.  Ms. Plank, as a non-party, should not be required by the Debtor

16  to fill in for the shortcomings of its own witnesses-for-hire.  This is exactly the

17  undue burden that Rule 45 proscribes against.  *See* FED. R. CIV. P. 45.

18

19        **2.    The Subpoena fails to provide Ms. Plank with 30 days to**

20  **produce documents.**

21        With regard to documents, the Subpoena is defective because the Debtor does

22  not provide Ms. Plank with 30 days to respond to the document request.  A non-

23  party witness is subject to the same scope of discovery under Rule 45 as that person

24  would be as a party to whom a request is addressed pursuant to Rule 34.  *See U.S. ex*

25  *rel Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) (quoting Advisory

26  Committee Notes to 1991 Amendment of Rule 45); *Kendrick v. Heckler*, 778 F.2d

27  253, 257 (5th Cir. 1985) (citing 5A J. Moore, W. Taggart & J. Wicker, Moore's

28  Federal Practice  45.07[3] (2d ed. 1985)) (plain intention of amendments to Rule 45

-5-

1  is to make discovery under subpoenas duces tecum the same as discovery under

2  Rule 34). The Debtor did not provide Ms. Plank with the required time to respond

3  to the duces tecum and the Subpoena.

4

5          **3.      The documents sought by the Debtor are in the Debtor's**

6  **possession.**

7          Without waiving this motion to quash the Subpoena, general and specific

8  objections to the requests for production, or any applicable privileges and

9  immunities, Ms. Plank hereby represents to the Court under the penalty of perjury

10 that she has conducted a search of her personal computer and files, and there are no

11 documents responsive to the Debtor's Subpoena in her possession, custody, or

12 control. *See* Plank Decl., ¶ 7.

13         Without waiving this motion to quash the Subpoena, general and specific

14 objections to the requests for production, or any applicable privileges and

15 immunities, and without waiving any rights, privileges and immunities of The

16 Collective Group, LLC, Ms. Plank has, with the permission of her employer, The

17 Collective Group, LLC, conducted a search of her emails, archived emails, and work

18 files on her work computer. *See* Plank Decl., ¶ 7. Ms. Plank found no documents

19 that are not already in the Debtor's possession, custody, control. *See* Plank Decl.,

20 ¶ 7.

21         Without waiving this motion to quash the Subpoena, general and specific

22 objections to the requests for production, any applicable privileges and immunities,

23 or any rights, privileges and immunities of her employer, The Collective Group,

24 LLC,  Ms. Plank has, with the permission of her employer, also investigated

25 whether she could gain access to emails responsive to the request from any storage

26 servers or back-up servers. *See* Plank Decl., ¶ 8. All emails sent between

27 employees for the MTI Collective Division and EMC are on the Debtor's email

28 server. *See* Plank Decl., ¶ 8. The back-up for this email server is in the United

1  Kingdom and administered by a third party. *See* Plank Decl., ¶ 8.  Neither

2  Ms. Plank nor her employer, The Collective Group, LLC, has access to the Debtor's

3  server, or to the back-up server. *See* Plank Decl., ¶ 8.

4      The Debtor does not deny that the documents sought by the document request

5  are on its server.  Instead, the Debtor takes the position that it needs Ms. Plank to

6  distill, cull, and interpret this information for it.  This turns Rule 45 on its head.

7  Ms. Plank is not required to muster proof where it is difficult or cumbersome for the

8  Debtor.  Ms. Plank is not required to protect the Debtor from burden and expense –

9  the Debtor is required to protect Ms. Plank from burden and expense. *See* FED. R.

10  CIV. P. 45.

11

12  **D.    Ms. Plank Respectfully Requests That The Court Enter An Order**

13  **Protecting Her From Further Abuse, Harassment And Intimidation.**

14      In an effort to avoid bringing this issue before the Court, Ms. Plank requested

15  that the Debtor enter into agreements regarding the scope of the Subpoena, the

16  timing of any deposition, assurances that the Debtor would not make further

17  requests of Ms. Plank, and final allowance of Ms. Plank's priority claim, in order to

18  assure Ms. Plank that if she failed to say what the Debtor needs her to say in her

19  deposition, the Debtor would not attempt to retaliate against her in the claims

20  process.

21      The Debtor, in response to this offer to compromise, accused her of failing in

22  her "civic duty," and threatened reprisals against Ms. Plank for failing to voluntarily

23  cooperate with the estate. *See* Letter from Eve Marsella to Kerry Peterson attached

24  hereto as **Exhibit B** ("Marsella Letter").  Debtor's counsel accused Ms. Plank of

25  violation of the automatic stay, sought to intimidate her by insinuating that the

26  Debtor would equitably subordinate her claim if she did not come to heel, and

27  further bullied her by alluding that she will not be protected from being called as a

28

1  "prescient witness" in multiple litigations and claims objections before this Court.

2  *See* Marsella Letter.

3        Debtor's counsel did not act consistent with its duties as a steward of the

4  estate for the benefit of all creditors (including Ms. Plank).  Instead, Ms. Plank was

5  intimidated, threatened, and bullied.  Ms. Plank respectfully requests that the Court

6  enter an order of protection preventing any further abuse of power by Debtor's

7  counsel.

8        After being fired – twice – and without being paid on her priority claim for

9  two and half years, the Debtor's claim that Ms. Plank must endure opened-ended,

10 indentured servitude as witness for the estate or face denial of her claim and other

11 reprisals is unconscionable.

12

13 **III.   PRAYER FOR RELIEF**

14       For the reasons set forth herein, the Motion to Quash and for Protective Order

15 should be granted.  Ms. Plank respectfully seeks such other and further relief,

16 including sanctions against the Debtor and Debtor's counsel, as the Court deems

17 Ms. Plank justly entitled.

18

19 Dated:  February 1, 2010

20                        MILLER, EGAN, MOLTER & NELSON LLP

21

22            By

23                        KERRY C. PETERSON
                          Attorneys for
24                        JENNIFER PLANK

25

26

27

28

W02-EAST:3MAW1\200287222.1                    -8-

# DECLARATION OF JENNIFER PLANK

KERRY PETERSON (*pro hac vice*)
Texas Bar No. 24012195
kerry.peterson@milleregan.com
MATTHEW RINALDI (*pro hac vice*
*motion pending*)
Texas Bar No. 24033122
matt.rinaldi@milleregan.com
**MILLER, EGAN, MOLTER &**
**NELSON LLP**
4514 Cole Avenue, Suite 1250
Dallas, Texas 75205
Telephone: (214) 628-9503
Facsimile: (214) 628-9507
**Attorneys for Non-Party Jennifer Plank**

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:07-13347-ES |
| MTI TECHNOLOGY CORPORATION, a Delaware corporation, | Chapter 11 Proceeding |
| Debtor and Debtor-in-Possession. | Adversary Proc. No. 8:09-ap-01267-ES |
| MTI TECHNOLOGY CORPORATION, a Delaware corporation | DECLARATION OF JENNIFER PLANK |
| Plaintiff, | |
| v. | |
| EMC CORPORATION, A Massachusetts corporation | |
| Defendant. | |
| EMC CORPORATION, A Massachusetts corporation | |
| Counterclaimant, | |
| v. | |

1

MTI TECHNOLOGY CORPORATION, a
Delaware corporation

    Counter-Defendant.

---

## DECLARATION OF JENNIFER PLANK

I, Jennifer Plank, declare and state pursuant to 28 U.S.C. § 1746 the following:

1.      My name is Jennifer Plank. I am over twenty-one years of age and have never been convicted of a felony. I make this declaration based on my personal knowledge. If called as a witness, I could and would testify competently to the matters contained herein.

2.      On January 20, 2010, I was served with a Subpoena Duces Tecum (the "Subpoena") in the above-referenced matter. A true and correct copy of the Subpoena is attached as Exhibit A to Non-Party Jennifer Plank's Motion to Quash Subpoena and for Protective Order (the "Motion"). The Subpoena commands me to appear on Friday, February 5, 2010 at 10:00 a.m. at a law office in downtown Austin.

3.      Downtown Austin is roughly 40 minutes from my employer and one and a half hours from my home. Friday is the most important day of the week for me to be at work. On Fridays, I must process all the invoices and payables for the week, a process that takes several hours. Accordingly, I cannot miss an entire Friday at work to appear at the time and place specified by the Subpoena.

4.      I was employed by the Debtor until the summer of 2007, when I was involuntarily terminated by MTI Technology Corporation (the "Debtor") . In exchange for a promise to pay severance on October 12, 2007, the Debtor asked that I travel from Austin, Texas to Orange County, California for the purpose of interviewing, hiring, and

2

training my own replacement. The Debtor requested that I not take my accrued vacation days until my departure from the company.

5.      I complied with each of these requests. I transitioned my responsibilities, including any responsibilities related to EMC Corporation, to a new hire, who worked at the Debtor's headquarters in Orange County, California. I further complied with the Debtor's request that I not take any of my accrued vacation days. I spent an entire summer, without taking a single vacation day, traveling from Austin, Texas to Orange County, California and spending long weeks away from my family and home.

6.      · Despite the fact that I made substantial personal sacrifices and fulfilled my commitments to the Debtor, the Chief Executive Officer and Chief Financial Officer fired me – for the second time – on October 12, 2007, disavowing the Debtor's commitment to pay my severance and accrued vacation. Three days later, the Debtor filed its petition for the relief.

7.      Without waiving my right to the relief sought in the Motion, general and specific objections to the requests for production, or any applicable privileges and immunities, I hereby represent that I have conducted a search of my personal computer and files, and there are no documents responsive to the Subpoena in my possession, custody, or control. Furthermore, I have, with the permission of my employer, The Collective Group, LLC, conducted a search of my emails, archived emails, and work files on my work computer, and found no documents that are not already in the Debtor's possession, custody, control.

8.      Without waiving my right to the relief sought in the Motion, general and specific objections to the requests for production, or any applicable privileges and

immunities, I represent that I have also, with the permission of my employer, investigated

whether I could gain access to emails responsive to the request from any storage servers

or back-up servers. All emails sent between employees for the MTI Collective Division

and EMC Corporation are on the Debtor's email server. The back-up for this email

server is in the United Kingdom and administrated by a third party. Neither I nor my

employer, The Collective Group, LLC, has access to the Debtor's server, or to the back-

up server.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: February 1, 2010.

JENNIFER PLANK

4

**EXHIBIT A**

DELIVERED THIS ___ DAY OF ____
BY ____
PROFESSIONAL CIVIL PROCESS

Form 255 – Subpoena in an Adversary Proceeding (12/08)

# UNITED STATES BANKRUPTCY COURT

_____WESTERN_____ District ____TEXAS____

| | |
|---|---|
| In re MTI TECHNOLOGY CORPORATION, a Delaware corporation | **SUBPOENA IN AN ADVERSARY PROCEEDING** |
| Debtor | Case No. * Misc. |
| MTI Technology Corporation | 8:07-bk-13347-ES** |
| Plaintiff | Chapter 11 |
| V. | |
| EMC Corporation | ** Presently Pending in USBC CD CA |
| Defendant | Adv. Proc. No. * Misc. |
| To: Jennifer Plank | 8:09-ap-01267-ES** |

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Yetter, Warden & Coleman LLP, Chase Tower 221 West 6th Street Suite 750 Austin TX 78701 | February 5, 2010 10:00am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Eva A. Marsella, Esq. Attorney for Plaintiff | 1/19/10 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Clarkson, Gore & Marsella, APLC
3424 Carson St. Suite 350  Torrance, CA 90503

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

NDC-255

Form 255 – Subpoena in an Adversary Proceeding (12/06)

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |
| **SERVED ON (PRINT NAME)** | | **MANNER OF SERVICE** |
| **SERVED BY (PRINT NAME)** | | **TITLE** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

**(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A)  A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)   If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d)   DUTIES IN RESPONDING TO SUBPOENA.**

(1) (A)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B)   If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C)   A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D)   A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26 b)(2)(C). The court may specify conditions for the discovery.

(2) (A)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B)   If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

**(e)   CONTEMPT.** Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

1  | Scott C. Clarkson, Esq. (CA Bar No. 143271)
   | Eve A. Marsella, Esq. (CA Bar No. 165797)
2  | Israel Saperstein, Esq. (CA Bar No. 084471)
   | **Clarkson, Gore & Marsella, APLC**
3  | 3424 Carson Street, Suite 350
   | Torrance, California  90503
4  | Telephone: 310/542-0111
   | Facsimile: 310/214-7254
5  | Email: sclarkson@lawcgm.com

6  | Attorneys for Plaintiff and Counter-Defendant,
   | MTI Technology Corporation, Debtor-In-Possession
7

8  |            **UNITED STATES BANKRUPTCY COURT**

9  |      **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

10 | In re:                                | Case No. 8:07-bk-13347-ES

11 | MTI TECHNOLOGY CORPORATION,            | Chapter 11
   | A Delaware corporation,

12 | Debtor and Debtor in Possession        | Adv. No. 8:09-01267-ES

13 |                                        | **NOTICE OF TAKING DEPOSITION OF**
                                            | **JENNIFER PLANK**
14 | Federal Tax I.D. # 95-3601802

15 |

16 | MTI TECHNOLOGY CORPORATION,            | **Date:  February 5, 2010**
   | A Delaware corporation                 | **Time:  10:00 a.m.**
17
   |            Plaintiff,                  | **Place:  Yetter, Warden & Coleman LLP**
18 |       vs.                              |         **Chase Tower**
                                            |         **221 West 6th Street, Suite 750**
19 | EMC CORPORATION,                       |         **Austin, Texas 78701**
   | A Massachusetts corporation
20
   |            Defendant.
21

22 | EMC CORPORATION,
   | A Massachusetts corporation
23
   |            Counterclaimant,
24 |       vs.

25 | MTI TECHNOLOGY CORPORATION,
   | A Delaware corporation
26
   |            Counter-Defendant.
27

28

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

1    **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 45, MTI

3 TECHNOLOGY CORPORATION, ("MTI") through its counsel, Clarkson, Gore & Marsella,

4 APLC, has subpoenaed Jennifer Plank ("Deponent") for oral deposition, and requested that she

5 produced documents, in connection with the above-referenced adversary proceeding. A copy of

6 the Subpoena is attached hereto.

7    **YOU ARE FURTHER NOTIFIED** that the Deponent is not a party to this action.

8    **PLEASE TAKE FURTHER NOTICE** that the deposition will commence on February 5,

9 2010, at 10:00 a.m., and it shall continue from day to day successively thereafter until completed,

10 Saturdays, Sundays and legal holidays excepted. The deposition in this notice will take place at

11 Yetter, Warden & Coleman LLP, Chase Tower, 221 West 6th Street, Suite 750, Austin, Texas

12 78701 before a notary public or some other qualified officer who will record the testimony by

13 stenographic means.

14

15 Dated: January 19, 2010                **CLARKSON, GORE & MARSELLA**

16                                 A Professional Law Corporation

17

18

19                      By: _____

20                                Scott Clarkson

                                 Israel Saperstein

21                                  Eve Marsella

                                 Attorneys for Plaintiff, Counter-Defendant, Debtor

22                                  and Debtor in Possession, MTI Technology Corp.

23

24

25

26

27

28

_CLARKSON, GORE & MARSELLA, APLC_
_Attorneys At Law_
_Torrance, California_

-2-

*In re MTI Technology Corporation*; Bankruptcy Case No.: 8:07-bk-13347-ES
*MTI Technology Corporation v. EMC Corporation*; Adv. No. 8:09-ap-01267-ES

Attachment to Subpoena to Jennifer Plank

1. All documents that mention, refer or relate to the Invoices regarding EMC Corporation, attached hereto as Exhibit "A," including but not limited to any emails, correspondence, memos, notes, expense reports, detailed receipts, and/or electronic data stored in the Clink system or any other electronic storage system.

2. All documents that mention, refer or relate to the validity of the Invoices regarding EMC Corporation attached hereto as Exhibit "A."

3. All documents that mention, refer or relate to the request by EMC Corporation for the services which are shown, indicated, or otherwise reflected on the Invoices attached hereto as Exhibit "A."

4. All documents that mention, refer or relate to evidence of performance of the services which are shown, indicated, or otherwise reflected on the Invoices attached hereto as Exhibit "A."

5. All documents that mention, refer or relate to evidence that the services which are shown, indicated, or otherwise reflected on the Invoices attached hereto as Exhibit "A" were not performed.

6. All documents that mention, refer or relate to evidence that the performance of the services which are shown, indicated, or otherwise reflected on the Invoices attached hereto as Exhibit "A" were satisfactory to EMC.

7. All documents that mention, refer or relate to evidence that the performance of the services which are shown, indicated, or otherwise reflected on the Invoices attached hereto as Exhibit "A" were satisfactory to the customer.

8. All documents that mention, refer or relate to evidence that the performance of the services which are shown, indicated, or otherwise reflected on the Invoices attached hereto as Exhibit "A" were not rendered to the satisfaction EMC.

9. All documents that mention, refer or relate to evidence that the performance of the services which are shown, indicated, or otherwise reflected on the Invoices attached hereto as Exhibit "A" were not rendered to the satisfaction of the customer.

# EXHIBIT "A"

## Collective Technologies

9442 Bee Cave Road
Austin, TX 78733
512/263-5800

**Collective Technologies**
A Division of MTI Technology Corporation
P.O. Box-513859
Tax Id # 74-2846607
Los Angeles CA 90051-3859

**Invoice**

| | NUMBER | |
|---|---|---|
| DATE | 74431 | PAGE |
| 27-AUG-06 | | 1 of 1 |
| PO# | 3134492 | |
| OUR REFERENCE | | |
| SALES ORDER NUMBER | | |
| CUSTOMER NUMBER | LOCATION NUMBER | |
| 13010 | 13056 | |

Bill To: BMC Corporation
Accounts Payable
PO Box 368
Hopkinton MA 01748

Ship To: Ann Gagliano
BMC Corporation
11 Penn Plaza
New York NY 10001

| TERMS<br>30 NET | ITEM<br>NO. | | DUE DATE<br>26-SEP-06 | SALES PERSON | CUSTOMER CONTACT<br>Accounts Pay | SHIP DATE | SHIP VIA | SHIPPING REFERENCE |
|---|---|---|---|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Invoice | Fixed Billing for the Month of August, 2006. | 12,052.00 | 0.00 | 0.00 |
| | Roger (Bill) Powell (Prorate for 14 days worked) | | | |

**SPECIAL INSTRUCTIONS**

242355
9-23-06

| | 12,052.00 |
|---|---|
| | Currency: USD |

19 SEP '06 PM 12:49

COLLECTIVE TECH IN 30NO EVERGREEN DATA SYSTEMS INC

**EMC²** EMC CORPORATION
171 SOUTH STREET
HOPKINTON, MA 01748-9103

Tel: (508) 435-1000
Fax: (508) 616-3780

CHECK NO. 391508
SUPPLIER NO. 242155

| Invoice Number | Invoice Date | Amount | Discount | Net Amount |
|---|---|---|---|---|
| 74431 | 27-AUG-06 | 12,052.00 | 0.00 | 12,052.00 |
| 74752 | 24-SEP-06 | 17,100.00 | 0.00 | 17,100.00 |
| 75267 | 29-OCT-06 | 938.51 | 0.00 | 938.51 |
| 75293 | 29-OCT-06 | 21,100.00 | 0.00 | 21,100.00 |
| 75544 | 26-NOV-06 | 361.07 | 0.00 | 361.07 |
| 75690 | 26-NOV-06 | 17,100.00 | 0.00 | 17,100.00 |
| 75765 | 26-NOV-06 | 3,000.00 | 0.00 | 3,000.00 |
| 74431DM | 27-AUG-06 | - 12,052.00 | 0.00 | (12,052.00) |
| | | | | $*****59,599.58 |

Supplier: COLLECTIVE TECHNOLOGIES

**EMC²** EMC CORPORATION
171 SOUTH STREET
HOPKINTON, MA 01748-9103

# VOID

MELLON BANK, N.A.
PITTSBURGH, PENNSYLVANIA
CHECK DATE
16-JAN-07

60-180/433

CHECK NUMBER
391508

FIFTY NINE THOUSAND FIVE HUNDRED NINETY NINE DOLLARS AND FIFTY EIGHT CENTS

$*****59,599.58

TO
THE
ORDER
OF

COLLECTIVE TECHNOLOGIES
C/O WELLS FARGO BUSINESS CREDIT
DEPT 1494
DENVER, CO 80291-1494

**EMC²** EMC CORPORATION
171 SOUTH STREET
HOPKINTON, MA 01748-9103

COLLECTIVE TECHNOLOGIES
C/O WELLS FARGO BUSINESS CREDIT
DEPT 1494
DENVER, CO 80291-1494



EMC002492